UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JERALD JENKINS DIRK,
    Plaintiff,

vs.                                                Case No.: 3:23cv9961/LAC/ZCB

BRIAN LEE MITCHELL, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is an inmate of the Escambia County Jail. He is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Presently before the Court is Plaintiff's second amended complaint. (Doc. 13).

Because Plaintiff filed this action as an *in forma pauperis* prisoner, the Court is required to screen the second amended complaint and dismiss any claims that are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief from an immune defendant. *See* 28 U.S.C. §§ 1915(e)(2), 1915A (setting forth the district court's screening responsibility); *see also Jones v. Bock*, 549 U.S. 199, 202

1

(2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints"). After reviewing the second amended complaint, dismissal is warranted because Plaintiff has failed to state a plausible claim for relief.[1]

## I.   Background[2]

Plaintiff names two Defendants in this § 1983 action: (1) Brian Lee Mitchell, an inmate of the Escambia County Jail, and (2) the Escambia County Jail, where "Sgt. Daniel" is employed. (Doc. 13 at 1-3). Plaintiff indicates he is suing Defendants in their official capacities. (*Id.* at 2-3).

During Plaintiff's detention at the Escambia County Jail, he was housed in a cell with Defendant Mitchell and other inmates. (*Id.* at 5). Plaintiff attempted to break up an argument, and Defendant Mitchell

---

[1] The Court previously provided Plaintiff an opportunity to amend after explaining to him deficiencies in his amended complaint. (Docs. 7, 11). *See generally Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a plaintiff typically "must be given at least one chance to amend the complaint before the district court dismisses the action"). Despite this opportunity, Plaintiff's second amended complaint has not cured the pleading deficiencies that were previously identified. Indeed, his second amended complaint includes additional deficiencies.

[2] At this stage, the Court assumes the truth of Plaintiff's allegations.

spit on him. (*Id.*). Plaintiff asked to press charges against Defendant Mitchell, but instead Plaintiff was placed in confinement and criminally charged. (*Id.*).

Plaintiff alleges he was not taking his mood stabilizing mental health medication at the time of the argument, which inhibited his ability to understand what was going on. (*Id.*). He asserts jail officials should not have placed him in a cell with other inmates without first having him assessed by a medical/mental health professional. (*Id.* at 5-6).

Plaintiff asserts Defendants violated his rights under the Eighth and Fourteenth Amendments. (*Id.* at 7). He also asserts a claim under the Double Jeopardy Clause of the Fifth Amendment. (*Id.*). Plaintiff requests compensatory damages for each day of his detention at the jail. (*Id.*). He also requests dismissal of the criminal charges stemming from the incident with Defendant Mitchell. (*Id.*).

## II. Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id*. at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

4

## III. Discussion

### A. The Escambia County Jail is not subject to suit under § 1983.

As previously noted, Plaintiff lists the Escambia County Jail as a Defendant. The capacity to be sued in federal court is governed by the law of the state in which the district court is located. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)). Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers. *See* Fla. Const. Art. VIII, §§ 1(a) and (d). Florida does not provide, either constitutionally or statutorily, for a county detention facility as a separate legal entity, an agency of the county, or a corporate entity. Therefore, a county jail is not an entity subject to suit under § 1983. And that means Plaintiff's claims against the Escambia County Jail should be dismissed for failure to state claim upon which can be granted. *See Farmer v. Escambia County Jail*, 3:21cv3120, 2022 WL 1176754, at *2 (N.D. Fla. Mar. 17, 2022) (explaining that claims against the Escambia County Jail were due to be dismissed because a "county jail is not an

5

entity subject to suit under § 1983), *adopted by* 2022 WL 1173348; *see also, e.g.*, *Heckman v. Hall*, No. 3:07cv268/MCR/MD, 2007 WL 2175919, at *3 (N.D. Fla. July 25, 2007) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office), *adopted by* 2007 WL 2428487 (N.D. Fla. Aug. 27, 2007).

### B. Defendant Mitchell is not a state actor for purposes of § 1983.

Plaintiff names Brian Lee Mitchell as the other Defendant. Plaintiff identifies Defendant Mitchell an inmate of the Escambia County Jail. (Doc. 13 at 3).

An essential element of a § 1983 action is that the conduct complained of was committed by a person acting under color of state law. *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993). The "under-color-of-state-law" element of § 1983 excludes from its reach merely private conduct. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003).

Plaintiff does not allege any facts that would permit a reasonable inference that Defendant Mitchell—a jail inmate—qualifies as a state actor for purposes of § 1983. For this reason, Plaintiff's claims against Defendant Mitchell should be dismissed for failure to state a claim on which relief can be granted.[3] *See Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) (holding that plaintiff could not recover against another inmate under § 1983 because there were no allegations giving rise to a plausible inference that the other inmate acted under color of state law).

### C. Plaintiff has not stated a plausible claim under the Double Jeopardy Clause.

Plaintiff asserts that he was punished twice for the incident with Defendant Mitchell, in violation of the Double Jeopardy Clause. He alleges he was criminally charged and also placed in confinement at the jail.

---

[3] The Court previously notified Plaintiff of the circumstances under which a private party may be deemed a state actor. (Doc. 11 at 5-6). Despite this advisory, Plaintiff's second amended complaint does not allege facts that would permit a reasonable inference that Defendant Mitchell qualifies as a state actor for purposes of § 1983.

The Fifth Amendment provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause protects individuals against three distinct violations: (1) "a second prosecution for the same offense after acquittal"; (2) "a second prosecution for the same offense after conviction"; and (3) "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794 (1989).

The Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, "in common parlance, be described as punishment." *Hudson v. United States*, 522 U.S. 93, 98-99 (1997) (quotation omitted). The Clause protects only against the imposition of multiple *criminal* punishments for the same offense. *Id.* at 99 (emphasis added). The Double Jeopardy Clause does not apply to proceedings that are not "essentially criminal." *Breed v. Jones*, 421 U.S. 519, 528 (1975).

Prison disciplinary sanctions, including placement in segregated housing, do not constitute criminal punishment for double jeopardy purposes. *United States v. Mayes*, 158 F.3d 115, 1224 (11th Cir. 1998).

For this reason, Plaintiff's Double Jeopardy Clause claim should be dismissed for failure to state a claim upon which relief can be granted.

### D. Plaintiff has not stated a plausible claim against Escambia County.

Plaintiff does not expressly name Escambia County as a Defendant, but he impliedly does so by identifying "Sgt. Daniel" as a jail official and asserting an official capacity claim against him. (Doc. 13 at 2).

Suing an employee of Escambia County in his official capacity is effectively a suit against Escambia County. *Christmas v. Nabors*, 76 F.4th 1320, 1329 (11th Cir. 2023). A civil rights plaintiff suing a municipality, such as a county, must identify a particular municipal "policy" or "custom" and show that the policy or custom caused the constitutional injury. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

The constitutional injury that Plaintiff apparently asserts here is a violation of his right to be housed under circumstances that do not place him at a substantial risk of serious harm. For pretrial detainees such as Plaintiff, that constitutional right arises under the Fourteenth

9

Amendment but is subject to the same deliberate indifference standard that applies to claims arising under the Eighth Amendment. *Christmas*, 76 F.4th at 1331.

To plead a deliberate indifference claim, a plaintiff must allege facts that permit a reasonable inference that the challenged condition was "extreme" and presented an "'unreasonable risk of serious damage to his future health or safety." *Swain v. Junior*, 958 F.3d 1081, 1088 (11th Cir. 2020) (cleaned up). This requires showing a "strong likelihood" not just a "mere possibility" of injury. *Id.*

To establish a county policy, a plaintiff must "identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Glech v. Clayton Cnty.*, 335 F.3d 1326, 1329-30 (11th Cir. 2003); *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1307 (11th Cir. 2001). "[A] municipality's failure to correct the constitutionally offensive actions of its employees can rise to the level of a custom or policy if the municipality tacitly authorizes these actions or displays deliberate indifference towards the misconduct." *Griffin*, 261 F.3d at 1307 (cleaned

up); *see also Hines v. Parker*, 725 F. App'x 801, 806 (11th Cir. 2018). Unless a policy itself is unconstitutional, the plaintiff must show "considerably more . . . than [a] single incident . . . to establish both the requisite fault on the part of the municipality and the causal connection between the policy and the constitutional deprivation." *City of Springfield v. Kibbe*, 480 U.S. 257, 270-71 (1987) (cleaned up).

Here, Plaintiff alleges jail officials placed him in a cell with other inmates without first having him assessed by a medical/mental health professional. His factual allegations, however, do not permit a reasonable inference that a chief policymaker for Escambia County or the jail (1) was on notice of longstanding and widespread problems with the classification and placement of inmates at the jail, or (2) had a policy or custom that was the driving force behind the incident between Plaintiff and Defendant Mitchell. For these reasons, Plaintiff has not stated a plausible claim for relief against Sgt. Daniel in his official capacity (i.e., Escambia County).

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that: (1) Plaintiff's amended complaint (Doc. 13) be **DISMISSED** for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and (2) The Court of Court be directed to enter judgment accordingly and close the case.

At Pensacola, Florida, this 25th day of January 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.